12-4389
Ezquivel v. Holder

BIA
Laforest, IJ
A075 814 820

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fourteen.

PRESENT:
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

JOSE DE JESUS EZQUIVEL,
        *Petitioner*,

        v.                                    12-4389
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Jon E. Jessen, Law Offices of Jon E.
                       Jessen, LLC, Stamford, Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Stephen J. Flynn,
                       Assistant Director; Jeffrey R.
                       Meyer, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jose De Jesus Ezquivel, a native and citizen of Mexico, seeks review of an October 2, 2012, decision of the BIA, affirming the May 17, 2011, decision of Immigration Judge ("IJ") Brigitte Laforest denying his motion to reconsider the denial of his motion to reopen and rescind. *In re Jose De Jesus Ezquivel*, No. A075 814 820 (B.I.A. Oct. 2, 2012), *aff'g* No. A075 814 820 (Immig. Ct. N.Y. City May 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Ezquivel petitions for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration was sought, we have reviewed only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of

completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Here, Esquivel argues that the agency abused its discretion in affirming the IJ's underlying denial of his motion to rescind his *in absentia* removal order. He contends that he demonstrated that the time limitation for filing his motion should have been equitably tolled based on his ineffective assistance of counsel claim. It is undisputed that Ezquivel's 2011 motion to rescind was untimely as it was filed more than 180 days after the IJ's 2007 *in absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Esquivel does not argue that he never received notice of his removal hearing, nor that he was in custody at the time of the proceeding. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). Thus, an IJ could have reopened Esquivel's case only if the court tolled the time that elapsed from the date of his removal order to the date of Esquivel's motion to reopen.

In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during

3

"both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The agency did not err in finding that Ezquivel failed to demonstrate due diligence because the record indicates that, although he knew of the bases for his ineffective assistance claim by at least 2007, he did not take any action in his removal proceedings until filing his motion in 2011. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007); *Cekic*, 435 F.3d at 171. Accordingly, because the IJ did not abuse her discretion in denying Ezquivel's motion to rescind as untimely, the agency did not err in declining to reconsider that decision. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4